**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 14-4036**

————————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

DARRELL EUGENE DIGSBY,

           Defendant - Appellant.

————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:04-cr-00304-RJC-CH-1)

————————

Submitted: December 18, 2014    Decided: December 22, 2014

————————

Before SHEDD, WYNN, and THACKER, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Sandra Barrett, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Eugene Digsby was convicted by a jury in 2005 of being a felon in possession of a firearm and sentenced to the statutory maximum sentence of 120 months' imprisonment, followed by three years of supervised release. Digsby began his term of supervised release on August 13, 2013. In November 2013, Digsby's probation officer filed a petition to revoke his supervised release, alleging two violations, including one for possession of a controlled substance with intent to sell or deliver.

At Digsby's revocation hearing, one of the arresting officers testified that, during execution of a search warrant at Digsby's residence, a bag containing fifteen rocks of crack cocaine was found beneath a rug under the seat where Digsby had been sitting. In addition, officers found a bag containing 86 prescription pills, including oxycodone, hydrocodone, and OxyContin, near Digsby's right foot. According to the officer, Digsby admitted that he was selling cocaine to support his own habit. Also, incriminating text messages were found in Digsby's cell phone. Based on this evidence, the district court revoked Digsby's supervised release.

With a criminal history category of VI, Digsby's Policy Statement range was 33-41 months' imprisonment. See U.S. Sentencing Guidelines Manual (USSG.) § 7B1.4(a) (2012). The

2

court imposed a 24-month term, the statutory maximum. See 18 U.S.C. § 3583(e)(3) (2012). Digsby timely appealed.

This court reviews a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). This standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (citation and internal quotations omitted). We find that the district court did not abuse its discretion in concluding that Digsby violated the terms of his supervised release by possessing with intent to distribute crack cocaine and prescription pills.

This court will affirm a sentence imposed after revocation of supervised release if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). A sentence upon revocation is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, Crudup, 461 F.3d at 440, and has adequately

explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We presume that a sentence within the Chapter Seven range is reasonable. United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013). Applying these standards, we find that Digsby's sentence is not unreasonable.

Therefore, we affirm the revocation of Digsby's supervised release and the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4